**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20726-LEIBOWITZ**

**LUIS ENRIQUE GARCIA CHAVEZ,**

*Plaintiff,*

*v.*

**ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,**

*Defendants.*
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court on Defendants' Motion for Extension of Time or Remand Regarding Petition for Naturalization ("the Motion") [ECF No. 13]. The Motion is fully ripe. [*See* ECF Nos. 13, 15].

On February 4, 2026, Plaintiff Luis Enrique Garcia Chavez ("Plaintiff"), a lawful permanent resident of the United States and a native and citizen of Mexico, filed this action pursuant to 8 U.S.C. § 1447(b), which permits a district court to assume jurisdiction over a naturalization proceeding where there has been "a failure to make a determination . . . before the end of the 120-day period after the date on which the [Plaintiff's] examination is conducted." Plaintiff alleges that he filed his N-400 application for naturalization on January 13, 2024, and that his naturalization interview occurred on July 2, 2024. [ECF No. 1 ¶ 2]. Plaintiff challenges Defendants' inaction under the Administrative Procedures Act ("APA"), the Immigration and Nationality Act ("INA"), and the Fifth Amendment, and seeks mandamus relief in the form of a court order requiring the immediate adjudication of his application. [*See* ECF No. 1 ¶¶ 46–61].

On March 31, 2026, Defendants moved to stay this action or, alternatively, to remand this action for resolution at the agency for adjudication. *See* 8 U.S.C. § 1447(b) (authorizing court to "either

determine the matter" after its removal from the agency or else "remand the matter, with appropriate instructions, to the Service to determine the matter"). In the Motion, Defendants represented that U.S. Citizenship and Immigration Services ("USCIS") was "working to adjudicate Plaintiff's application," that it had "scheduled [an] interview with Plaintiff on April 24, 2026," and that "USCIS anticipate[d] . . . issu[ing] a decision on Plaintiff's application within 90 days" of the interview. [ECF No. 13 at 2]. Accordingly, Defendants recommended that the Court stay this action for 90 days following the April 24, 2026 interview, or until July 23, 2026. [*Id.*].

In his response, Plaintiff apprises the Court of further developments. On March 27, 2026, Defendants served Plaintiff with an expansive Request for Evidence seeking a laundry list of documents, including tax account transcripts, tax returns, Form 1040s, documents related to tax debts, business ownership and income disclosures, business tax transcripts and filings, and proof of residential property transactions and rental activity, including, in many cases, documents dating back to 2016, along with certified translations of any foreign-language materials. [*See* ECF No. 15-1 at 1–3]. After nearly two years of inaction, Defendants gave Plaintiff three weeks to physically assemble these materials and deliver them by mail. [*Id.* at 3]. And while Defendants scheduled a follow-up interview, the notice for that interview threatened that "failure to appear . . . [would] result in the denial of [Plaintiff's] application," [ECF No. 13-1 at 1], contrary to established Circuit precedent holding that 8 U.S.C § 1447(b) vests the district court with exclusive rather than concurrent jurisdiction over a pending naturalization application. *See Etape v. Chertoff*, 497 F.3d 379, 383 (4th Cir. 2007); *Bustamante v. Napolitano*, 582 F.3d 403, 406 (2d Cir. 2009); *United States v. Hovsepian*, 359 F.3d 1144, 1160–64 (9th Cir. 2004) (en banc); *see also Al-Atiyeh v. Swacina*, 650 F. Supp. 2d 1244, 1246 (S.D. Fla. 2009) ("[I]n the absence of Eleventh Circuit precedent, the strongest and most persuasive authority suggests that USCIS acted without jurisdiction in denying Plaintiff's Naturalization Application [following removal of application pursuant to 8 U.S.C. § 1447(b)]."). Accordingly,

Plaintiff urges the Court to retain jurisdiction over the matter, arguing that granting the Motion would unduly reward Defendants for their dilatory conduct and otherwise undermine the scheme established by Congress in 8 U.S.C. § 1447.

Notwithstanding those concerns, the Court finds, along with the vast majority of courts in this District, that remand is proper in light of the agency's expertise. *See, e.g.*, *Williams v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-61124, 2023 WL 7411688, at *1 (S.D. Fla. June 21, 2023); *Silebi De Donado v. Swacina*, 486 F. Supp. 2d 1360, 1365 (S.D. Fla. 2007); *Azaria v. Garland*, No. 22-20425-CIV, 2022 WL 3586425, at *2 (S.D. Fla. May 3, 2022); *Issa v. United States Citizenship & Immigr. Servs.*, No. 23-CV-21817-RAR, 2023 WL 5992141, at *2 (S.D. Fla. Sept. 15, 2023). Indeed, "the more expeditious means of finally adjudicating [Plaintiff's] outstanding application is to remand the same to the USCIS." *Bello-Camp v. Att'y Gen., U.S.*, 2009 WL 813146, at *7 (M.D. Fla. Mar. 26, 2009); *see also INS v. Ventura*, 537 U.S. 12, 17 (2002) ("[T]he agency can bring its expertise to bear on the matter; it can evaluate the evidence; . . . it can, through informed discussions and analysis, help a court later determine whether its decision exceeds the leeway that the law provides[.]").

With expediency top of mind, the Court finds it proper to order resolution of this matter in due course—again, a conclusion well-supported by other judges in this District. *See, e.g., Williams*, 2023 WL 7411688, at *1 (Altman, J.) (ordering remand with instructions to USCIS to reach determination on naturalization application within 30 days of service of order); *Azaria*, 2022 WL 3586425, at *2 (S.D. Fla. May 3, 2022) (Lenard, J.) (same).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion [**ECF No. 13**] is **GRANTED**.
2. This case is **REMANDED** to USCIS for further proceedings.
3. Defendants are **ORDERED** to make a decision on Plaintiff's application for naturalization <u>within 30 days of the date of entry of this Order</u>. Defendants shall file a notice certifying its

compliance or lack thereof with this Order no later than May 22, 2026, and, in any event, within 3 days of a determination.

4. If, within 30 days of this Order, Defendants have not complied with this Order, Plaintiff may file a motion to reopen this case.

5. The Clerk of Court is directed to **CLOSE** this case. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on April 21, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record